MARGARET C. WHITEHOUSE
*vs.*
WESLEY E. WHITEHOUSE

York.    Opinion, June 30, 1958.

*Titcomb, Fenderson & Titcomb,* for plaintiff.

*Simon Spill,*
*Willard and Hanscom,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

DUBORD, J. On July 9, 1954, the libelant, Margaret C. Whitehouse, instituted proceedings for divorce against the libelee, Wesley E. Whitehouse, by libel returnable to the October 1954 Term of the Superior Court within and for the County of York. At the May 1957 Term of the aforesaid Court, the presiding justice thereof, after hearing, entered a decree dissolving the marriage of the parties for the cause of "cruel and abusive treatment." Both parties were represented by counsel.

In the decree it is provided that:

> "Libellee to pay Libellant the sum of $8,000.00 as alimony on or before July 15, 1957. The payment of said sum may be satisfied in full by the execution and delivery of a good and sufficient deed between Libellee and Libellant of all his right, title and interest in and to a certain island located at Balch's pond so-called in said County of York."

This decree ordering the libelee to pay the specific sum of $8,000.00 as alimony was entered under authority of Section 63, Chapter 166, R. S. 1954, the pertinent portion of which section reads as follows:

> "The court may also decree to her reasonable alimony out of his estate, having regard to his ability, and sufficient money for her defense or prosecution of hearings affecting alimony; and, to effect the purposes aforesaid, may order so much of his real estate, or the rents and profits thereof, as is necessary, to be assigned and set out to her for life; or, instead of alimony, may decree a specific sum to be paid by him to her or payable in such manner and at such times as the court may direct; - - -."

The libelee contends through a bill of exceptions which is now before us, that the presiding justice was without authority to decree that the payment of the specific sum could be satisfied by the execution and delivery by the libelee to the libelant of his interest in certain real estate.

We are of the opinion there is no merit to the contention of the libelee. The order of the presiding justice for the payment by the libelee of a specific sum was in accordance with the provisions of the applicable statute. The only effect of the remaining part of the decree was to suggest a method by which the libelee could discharge his liability.

He was not aggrieved by that portion of the decree about which he now complains.

The entry will be:

*Exceptions overruled.*